IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL WAYNE PARSONS, A Live Man, Ambassador, Tsilhqot'in Nation Tribal Member, Associate Chief Justice Universal Supreme Court, Tsilhqot'in Under Duress without Prejudice;<br><br>Petitioner,<br><br>vs.<br><br>ANNE PAINE, Furnas County Judge; PENNY GREGG, Phelps County Jail LT; KURT KAPPERMAN, Sheriff, Furnas County NEB; and JOSEPH H. WALKER III, Tipton County Judge;<br><br>Respondents. | 8:17CV44<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on initial review of Petitioner Michael Wayne Parsons' ("Parsons") Petition for Writ of Habeas Corpus ("petition") filed pursuant to 28 U.S.C. § 2241. (Filing No. 1.) For the reasons discussed below, the court will dismiss Parsons petition with prejudice.[1]

---

[1] Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the *Rules Governing Habeas Corpus Cases Under Section 2254* permits the court to apply Rule 4 to a § 2241 petition.

## I. BACKGROUND

Parsons filed his petition while in custody as a pre-trial detainee at the Phelps County Jail in Holdrege, Nebraska. (Filing No. 1 at CM/ECF p. 1.) He is currently confined at the Tipton County Correctional Facility in Covington, Tennessee. (Filing No. 10.) Parsons was being held in the Phelps County Jail pursuant to a Complaint filed in Furnas County, Nebraska alleging that Parsons was a Fugitive from Justice.[2] The Court in Tipton County, Tennessee had issued a warrant for Parsons for Convicted Felon in Possession of a Weapon. *Id*. Summarized and restated, Parsons alleges in his petition that no court has jurisdiction over him because he has diplomatic immunity as a Tsilqot'in Ambassador and Associate Chief Justice of the Universal Supreme Court of the Tsilqot'in. (*See* Filing No. 1 at CM/ECF pp. 6-7.) He maintains that he has been exonerated of all Tennessee charges via the Universal Supreme Court of the Tsilqot'in. (*Id*.) He seeks his immediate release and dismissal of the charges. (*Id*. at CM/ECF p. 8.)

## II. DISCUSSION

Parsons is no longer in custody at the Phelps County Jail. He is in custody at a facility in Tennessee. Therefore, Parsons is not in the custody of anyone over whom the court has jurisdiction. *See similarly*, Copley v. Keohane, 150 F.3d 827 (8th Cir. 1998). "It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only 'so long as an appropriate respondent with custody remain[s]' in the district." *Id*. (quoting Jones v. Cunningham, 371 U.S. 236, 243-44 (1963) (citing *Ex parte Endo*, 323 U.S. 283, 304–07 (1944)); *see*

---

[2] PDF of JUSTICE document for *State v. Michael Parsons*, Furnas County Court Case No. CR17-8, *at* https://www.nebraska.gov/justice//case.cgi; Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

*also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973). Accordingly, this case is moot. Additionally, the court has no authority to dismiss Parson's charges in Tennessee.

With that said, the court may transfer this matter to the United States District Court for the Western District of Tennessee – which comprises Tipton County – in the interest of justice. 28 U.S.C.A. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"). *See Braden, supra* (finding that the state holding the prisoner in immediate confinement acts as agent for the demanding state, the custodian state is presumably indifferent to the resolution of the prisoner's attack on the detainer, and the action could be transferred to the district court in the demanding state).

The court finds that based on the frivolous nature of Parsons' claims, it is not in the interest of justice to transfer this matter. "[I]n the United States, recognition by the Department of State is necessary to establish diplomatic status and to claim the commensurate immunity." 4 Am. Jur. 2d Ambassadors, Etc. § 8. The Tsilqot'in Nation is not recognized by the United States Department of State.[3] "A prisoner cannot write his own get-out-of-jail-free card by making declarations that amount to a renunciation of his obligation to conform his conduct to the requirements of the nation's criminal laws." *McCaskill v. Terris*, No. 4:15-CV-11335, 2015 WL 4065893, at *2 (E.D. Mich. July 2, 2015), *aff'd* (Dec. 7, 2015) (citing examples).

Although Parsons petitioned for relief under 28 U.S.C. § 2241, as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254 and therefore must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P.

---

[3] *See generally* U.S. Department of State, Bureau of Intelligence and Research, Dependencies and Areas of Special Sovereignty, https://www.state.gov/s/inr/rls/10543.htm and Independent States in the World https://www.state.gov/s/inr/rls/4250.htm.

22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Parsons is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice.

2. The court will not issue a certificate of appealability.

3. The court will enter judgment by separate document.

Dated this 7th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge